# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | Criminal No.: 4:01-445-2 |
| vs. | ) | |
| Andre Belser, | ) | **ORDER** |
| Defendant. | ) | |

On October 29, 2004, the defendant filed a motion seeking to have a Rule 35(b) sentence reduction motion filed on his behalf. On July 1, 2005, the government opposed the motion. This matter is now before the Court for disposition.

On January 16, 2002, the Court sentenced the defendant to 120 months imprisonment for conspiracy to distribute crack cocaine. At sentencing, the government filed, and the Court granted, a motion for downward departure based on the defendant's cooperation up to that point in time.

In his motion, the defendant alleges that he has provided the government with substantial assistance warranting a Rule 35(b) reduction of sentence. Specifically, the defendant claims that his help has lead to the prosecution of Willie Bowman.

The government contends that the defendant has not rendered substantial assistance. The government submits that at some point his help may be deemed by the government to be substantial assistance.

The defendant's plea agreement did not contain an unconditional promise to make a motion for downward departure; rather, the government agreed to deem whether the defendant's

cooperation had been substantial assistance and, if so, to make a downward departure motion. See United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir. 1993).  Where the government retains its discretion regarding whether to make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything."  United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

The defendant's claim that he has provided substantial assistance does not automatically entitle him to a departure downward.  Under these circumstances, the defendant is not entitled to compel the government to file a Rule 35(b) motion on his behalf unless he can show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective.  See Wade v. United States, 504 U.S. 181, 185-86 (1992).  The defendant has failed to do so.

The Court therefore denies the defendant's motion.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

July 6, 2005
Charleston, South Carolina